IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEON KENDREX,

                    Plaintiff,

          v.                         CASE NO.  12-3234-SAC

LARRY MARKLE, Montgomery
County Attorney, et al.,

                    Defendants.

### O R D E R

     This civil rights complaint was filed pro se pursuant to 28
U.S.C. § 1983 by an inmate of the Montgomery County Jail,
Independence, Kansas.  The court has screened the complaint and finds
it is deficient in several ways.  Plaintiff is given time to cure
the deficiencies, which are explained in this order.  If he fails
to do so within the allotted time, this action may be dismissed
without further notice.


**FILING FEE**

     The statutory fee for filing a civil rights action in federal
court is $350.00.  Plaintiff has filed a Motion to Proceed without
Prepayment of Fees.  However, his motion is incomplete.  Under federal
law, a prisoner seeking to bring a civil action in forma pauperis
must submit along with his motion a "certified copy" of his inmate

1

trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official. Plaintiff will be given time to obtain and submit the financial information that is required to support his motion.

Mr. Kendrex is reminded that under § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the filing fee in full. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Each month that the amount in the inmate's account exceeds $10.00, the agency having custody of the inmate shall assess, deduct from the inmate's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the inmate's account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

**SCREENING**

Because Mr. Kendrex is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation

2

of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to

relief above the speculative level." *Id.* at 555.  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Having reviewed the complaint filed herein under these standards, the court finds it is subject to being dismissed for the following reasons.

**<u>DEFENDANTS</u>**

Rule 10 of the Federal Rules of Civil Procedure requires that all parties be named in the caption of the complaint.  It is elementary that a plaintiff must clearly designate as a defendant each person from whom he is seeking money damages.  Otherwise, problems with notice and service are likely to arise.  In the caption, plaintiff names "Kansas, Montgomery County/Troy Mackie, Larry Mackle." Elsewhere in the complaint, where he was directed to provide information on each defendant, he lists "Larry Markle/Troy Mackie/ Mongtg. County" together and states that Larry Markle is the County Attorney, Troy Mackie is the Undersheriff, and "Montg. County" is

all City Council members.  The court finds that plaintiff names as defendants Larry Markle, Montgomery County Attorney; Troy Mackie, Montgomery County Undersheriff; Montgomery County, Kansas; and "City Council."  If plaintiff disagrees with this construction, he is herein given the opportunity to file an Amended Complaint and is required to clearly name all defendants in its caption.

## FAILURE TO STATE A FEDERAL CONSTITITION CLAIM

In the spaces provided in the form complaint for Count I, Count II and Count III, plaintiff should have stated which of his federal constitutional rights he believes was violated but did not.  The court will not construct a legal theory on plaintiff's behalf.  Thus, the court finds that plaintiff has failed to state a federal constitutional claim.

In the space for supporting facts that follows each Count, plaintiff should have set forth the facts on which he bases the claim stated in that Count.  The court discusses each Count and its deficiencies below.

### A. COUNT I

Where his Count I claim should have been specified, plaintiff states that he was "demoralize(ed)" to the point that his blood pressure went up, and he was treated "racially unfair (sic) and with extreme prejudice" by Markle and Mackie.  Under supporting facts for

this Count he simply lists Mackie, Markle, "Staff of Montgomery County Jail" and "City Councel (sic)".

Plaintiff's only statement in this Count is completely conclusory.  He does not allege facts, including dates and circumstances, to explain what each defendant did to him.  Nor does he describe any serious injury that resulted from each defendant's acts.

### B. COUNT II

As Count II, plaintiff alleges "Supplemental Sheets done on County Corrections Officer Christina Stapp and Jon Kirk investigative Officer of Court."  As supporting facts, he writes "racism, illegal sentences, misrepresentation by Public Defenders Office, violation lawyer client by G. Thomas Harris and Brian A. Rickman."

The first sentence under this Count that "supplemental sheets" were done on persons that are neither plaintiff nor named defendants, presents no recognizable legal claim whatsoever. The subsequent list of wrongs is nothing but conclusory phrases, with no facts alleged to indicate that any named defendant committed any of the wrongs. An essential element of a civil rights claim is the personal participation of each defendant.  Nowhere in his first two Counts, does Mr. Kendrex refer to a single named defendant and explain what unconstitutional acts that particular defendant took on what date

and where.  Nor does he describe any physical injury that he suffered as a result of that defendant's acts.

In this Count, plaintiff's references to "Public Defenders Office," and attorneys Harris and Rickman suggest a criminal proceeding.  If plaintiff is seeking to challenge events that occurred during a criminal prosecution, he may only do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not do so in this civil rights complaint for money damages. Furthermore, he must exhaust state remedies on any such challenges before he may file a habeas petition in federal court.

### C. <u>COUNT III</u>

Plaintiff fills in the spaces for Count III and its supporting facts with the following allegations. He has written "many (letters) over the 5 months" but Mackie never answers his letters while he has answered all letters of the white inmates "in this C-mod."

Plaintiff does not provide the content of his letters, the dates they were sent, or procedures by which they were directed to Mackie. If they were grievances regarding the jail, he had no federal constitutional right to a grievance procedure or to have a jail official respond to every grievance.  Plaintiff fails to allege sufficient facts to state an equal protection claim and to assert a violation of any other federal constitutional right.

The court notes that no defendant other than Mackie is alleged

to have participated in these events.

   D. **Allegations in Background Statement**

        In the "background" section of his complaint, plaintiff lists
a string of disorganized and conclusory claims that include the
following.  He was put in segregation for no reason.  He was given
oral medication by jail staff "without protective gloves."  "Staff"
has no medical experience or training.  His legal work has been opened
and read by Sgt. Rowe.  None of these claims is sufficient because
no dates are provided and no circumstances are described.   In
addition, no act by any named defendant is described, except for the
bald statement that plaintiff told Mackie, Rowe's superior, about
Rowe reading his mail and "apparently he's done nothing."  The latter
statement is not sufficient to present a claim against Mackie because
a supervisor cannot be held liable based only upon his supervisory
capacity for acts taken by another person.

        In the entire body of the complaint, the only mention of
particular defendants alongside factual allegations is of Mackie and
Markle in this section.  Plaintiff alleges that Markle, and someone
else not clearly referenced, subjected him to charges of "misuse of
commissary purchase," when someone else made the purchase and the
charges "aren't even laws" but a violation of jail rules.   If
plaintiff is attempting to complain about a criminal action based
on these charges then, as previously discussed, he may only do so

by filing a habeas corpus petition.[1]  If he is complaining about disciplinary charges and proceedings at the jail, he utterly fails to state sufficient facts to show either that he was denied due process or that any administrative decision was arbitrary or capricious.[2]

Likewise, no facts whatsoever are alleged to support plaintiff's allegations that Mackie is a witness against him and that Mackie and his son have violated his rights.  Again, plaintiff provides no dates and no description of any acts taken by either Mackie or his son, who is not a named defendant.

Plaintiff claims to have witnesses and "letters of threats of unfair treatment and lockdowns" and to fear for his life and well-being in the jail.  These are also nothing but bald statements with no supporting facts.

Plaintiff's prayer for relief is equally vague and provides no

---

[1]     The same is true regarding plaintiff's bald claims that "this" all started after "crime dates had been changed to run fraudulent sentences consecutive;" the crime happened once but he was sentenced "2x consecutive with the help of (his) attorney G. Thomas Harris," Markle, and Judge Cullins; the "Sec. of Corrections at El Dorado Prison wrote them to correct but nothing came of it;" and it was "passed on to Judge House who did nothing and that "he's guilty as well."  Plaintiff repeatedly fails to provide enough facts for the court to even understand what events he is challenging, more less what legal claim he may be asserting.

[2]     Plaintiff does not reveal what criminal charges were brought against him, the court in which he was tried, the date of sentencing, or the sentence.
        If plaintiff is attempting to challenge a disciplinary action taken at the jail based on misuse of commissary, then he must provide the facts underlying the charges.  He must provide the offenses with which he was charged, describe the process by which he was found guilty, the sanctions that were imposed, and the date on which action was taken.
        And, the court repeats for emphasis that if Mr. Kindrex is challenging either disciplinary charges or criminal charges, he must do so by filing a habeas corpus petition after having exhausted all administrative and state court remedies.

insight into either the underlying facts or legal basis for any claim. Plaintiff seeks "full compensation" for emotional and mental stress, for "demoralizing treatment" and disrespect, for "threats of violence by staff" and "invasion of his security," as well as for "physical assaults," when no physical assault has been described in the complaint.

The court further finds that plaintiff fails to allege any facts that describe actions taken by either Montgomery County or the City Council.  Consequently, he utterly fails to state a claim against either of these defendants.  Moreover, state agencies and municipalities may not be held liable unless a county or city policy caused the harm alleged in the complaint. Plaintiff does not describe any county or city policy and allege how it resulted in the alleged harm.

For all the foregoing reasons, the court finds that plaintiff has utterly failed to state a federal constitutional claim against any named defendant.  Plaintiff is given time to file an Amended Complaint on court-approved forms in which he cures the deficiencies discussed above.  If he fails to comply within the time allotted, this action may be dismissed without further notice.  Furthermore, if plaintiff fails to file an Amended Complaint that alleges additional facts sufficient to state a claim, this action shall count as a strike against him under the three-strikes provision in 28 U.S.C.

§ 1915(g).[3]

Finally, the court reminds plaintiff that under the Federal Rules of Civil Procedure regarding joinder of claims and parties (Rules 18, 19, and 20), claims against different defendants arising out of unrelated events must be brought in separate lawsuits. Thus, he may not include claims in his Amended Complaint that are against different defendants based on events that have not arisen out of the same series of transactions or occurrences. If he includes improperly joined claims or parties, they will be dismissed from this action without further notice.

Plaintiff is further advised that he must write the word "Amended" and the number of this case, 12-3234, on the first page of his new complaint. He is warned that his Amended Complaint will completely supersede his original complaint, and he may not simply refer to the earlier complaint. Instead, his Amended Complaint must contain all claims and allegations he intends to present in this lawsuit. Any claims not included in the Amended Complaint shall not be considered.

The court has considered plaintiff's Motion for Appointment of

---

[3]    Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Counsel (Doc. 3), and finds that it should be denied.  There is no constitutional right to appointment of counsel in a civil rights action, and the matter is within the court's discretion.  Plaintiff has failed to state a claim in his complaint and is thus not entitled to have counsel appointed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to provide a certified copy of his inmate account statement for the appropriate six-month period in support of his motion to proceed without fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file an Amended Complaint that cures all the deficiencies discussed herein, or this matter may be dismissed without further notice for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied.

The clerk is directed to send 1983 forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2012, at Topeka, Kansas.




                                        s/Sam A. Crow
                                        U. S. Senior District Judge